RECEIVED

MAR 07 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Accton Technology Corporation, a Taiwan Corporation and Accton Technology Corporation USA,<br><br>    Plaintiff,<br><br>v.<br><br>Tazzle, Inc., a Delaware Corporation<br><br>    Defendant. | Case No: CV13-1036 HRL<br><br>[PROPOSED] STIPULATED JUDGMENT |

**STIPULATED, ORDERED, ADJUDGED AND DECREED THAT:**

Plaintiffs Accton Technology Corporation and Accton Technology Corporation USA (collectively "Accton"), commenced this action by filing the Complaint herein against defendant Tazzle, Inc. ("Tazzle"). The parties have agreed to settlement of this action without adjudication of any issue of fact or law, and without Tazzle admitting to any contested issues of fact or to liability for any of the violations alleged in the Complaint.

    THEREFORE, on the joint motion of Accton and Tazzle, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### FINDINGS

1.     The Court has jurisdiction over the subject matter and the parties pursuant to diversity jurisdiction and the parties agreement herein.

2.     Venue is this matter is proper in Northern District of California.

3.     The Complaint states a claim upon which relief may be granted against Tazzle.

4.     Tazzle has entered into this Stipulated Judgment and Order ("Order") freely and without coercion. Tazzle further acknowledges that it has read the provisions of this Order and prepared to abide by them.

5.     Accton and Tazzle hereby waive all rights to appeal or otherwise challenge or

BY FAX

1  contest the validity of this Order.

2      6.    Accton entered into a Master Agreement On Supply ("Master Agreement") with

3  ABK Japan ("ABK"), a Japanese company.  Accton supplied ABK under the Master Agreement

4  and ABK became indebted to Accton in the amount of $330,000.00.  ABK subsequently filed for

5  bankruptcy protection.

6      7.    On January 1, 2010, Tazzle, as part of acquiring the assets of ABK, agreed to

7  assume ABK's debt of $330,000.00 to Accton.

8      8.    ABK owed $170,636 for excess materials which Accton has not been able to

9  return or otherwise use purchased to meet ABK forecast.

10      8.    ABK owes $73,008 for completed product manufactured to meet ABK forecast

11  and not shipped.

12      8.    Tazzle admits ownership of the ABK debt of $573,644 USD to Accton, but to

13  date has not satisfied the outstanding debt.

## ORDER

IT IS ORDERED, ADJUDGED AND DECREED, that Tazzle shall pay Accton $573,644 USD.

    A.    In the event of default on the payment required under this Order, Accton shall be authorized to pursue any lawful means of collection of $573,644 with or without further authorization from the Court.  Tazzle agrees that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Accton to enforce its rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

    B.    Within 30-days of this Order, Tazzle shall issue a purchase order to Accton for the excess material and remaining product contemplated under the Master Agreement which Tazzle assumed as part of its assumption of ABK's assets.

    C.    Tazzle will provide Accton a complete P&L statement within two (2) weeks after the end of each calendar quarter. Along with such P&L statement, Tazzle will pay Accton twenty five percent (25%) of all revenues over the amount of five thousand ($5,000) per month. This

process will continue until the $573,644 is paid to Accton. As long as Tazzle meets these requirements, Accton will waive the one percent (1%) per month late payment fee authorized in the Master Agreement.

### FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, or for the enforcement of compliance therewith.

### COUNTERPARTS

IT IS FURTHER ORDERED that the parties to this Order may execute this document in separate counterparts.

### COMPLETE SETTLEMENT

The parties, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter with respect to Tazzle. The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full complete and final settlement of this action with respect to Tazzle.

*(Remainder of page intentionally left blank)*

Respectfully submitted,

FOR THE DEFENDANT:    FOR THE PLAINTIFF:

*(signature)*

Bruce Haendel              Edward Lin
CEO of Tazzle, Inc.        General Counsel, Accton Technology Corp.
                           and Accton Technology Corp. USA

     SO ORDERED this _____ day of _____, 2012.

[PROPOSED] STIPULATED JUDGMENT

4

Respectfully submitted,

FOR THE DEFENDANT:

_____
Bruce Handel
CEO of Tazzle, Inc.

FOR THE PLAINTIFF:

*/s/ Edward Lin*
Edward Lin
General Counsel, Accton Technology Corp.
and Accton Technology Corp. USA

SO ORDERED this 17th day of July of 2013.

Additionally, the Case Management Conference set for July 17, 2013 is VACATED. The Clerk shall close the file.

Date: July 17, 2013

*/s/ Lucy H. Koh*
Lucy H. Koh
United States District Court

[PROPOSED] STIPULATED JUDGMENT

4